Johnny Lee CHILDERS, Appellant,

v.

The CITY OF TULSA, Appellee.

No. M–82–87.

Court of Criminal Appeals of Oklahoma.

Feb. 7, 1983.

Frank A. Zeigler, Municipal Public Defender, Tulsa, for appellant.

Neal E. McNeill, City Atty., City of Tulsa, Malcolm D. Smith, Jr., Asst. City Atty., Tulsa, for appellee.

OPINION

CORNISH, Judge:

The appellant, Johnny Lee Childers, was convicted under a Tulsa ordinance which makes it an offense for any person to remain at "any park, mall, civic center or other public property" "and refuse to leave said property forthwith after demand by a peace officer." Tulsa, Okla.Rev. Ordinances, Tit. 27, § 511B(3). We agree with the appellant that this ordinance is unconstitutionally vague and overbroad.

The doctrine of vagueness was articulated by the United States Supreme Court in *Grayned v. City of Rockford,* 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972), in which it was stated:

It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, *if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly dele-*

*gates basic policy matters to policemen, judges, and juries for resolution on an ad hoc, and subjective basis, with the attendant dangers of arbitrary and discriminatory application.* Third, but related, where a vague statute 'abut[s] upon sensitive areas of basic First Amendment freedoms,' it 'operates to inhibit the exercise of [those] freedoms.' (Footnotes omitted) (Emphasis added).

Childers was observed in the main mall in downtown Tulsa asking for money from passersby. A Tulsa police officer approached him and requested that he leave the mall area. He refused to obey the officer's demand and was arrested.

The ordinance is devoid of any guidelines as to when an officer may demand a person to leave a city park, or other public property. This is an unacceptable delegation of power, since it gives unbridled discretion to Tulsa law enforcement officials. It permits the police to utilize their own subjective values to determine what conduct will be disallowed on public property. The absence of any meaningful standards necessarily encourages arbitrary and discriminatory enforcement.

Mr. Justice Sutherland stated, "[a]rbitrary power and the rule of the Constitution cannot both exist. They are antagonistic and incompatible forces; and one or the other must of necessity perish whenever they are brought into conflict." *Jones v. Securities and Exchange Commission,* 298 U.S. 1, 56 S.Ct. 654, 80 L.Ed. 1015 (1936).

Justice Sutherland also observed:

It [arbitrary action] violates the cardinal precept upon which the constitutional safeguards of personal liberty ultimately rest—that this shall be a government of laws—because to the precise extent that the mere will of an official or an official body is permitted to take the place of allowable official discretion or to supplant the standing law as a rule of human conduct, the government ceases to be one of laws and becomes an autocracy. Against the threat of such a contingency

the courts have always been vigilant, and, if they are to perform their constitutional duties in the future, must never cease to be vigilant, to detect and turn aside the danger at its beginning. Supra at 298 U.S. at 23–24, 56 S.Ct. at 561.

In *Shuttlesworth v. Birmingham,* 382 U.S. 87, 93, 86 S.Ct. 211, 214, 15 L.Ed.2d 176 (1965), the Supreme Court scrutinized a statute similar to the ordinance presently before this Court. The statute in *Shuttlesworth* made it a crime "for any person to stand or loiter upon any street or sidewalk . . . after having been requested by any police officer to move on." The Supreme Court asserted,

Literally read . . . this ordinance says that a person may stand on a public sidewalk in Birmingham only at the whim of any police officer of that city. The constitutional vice of so broad a provision needs no demonstration. It 'does not provide for government by clearly defined laws, but rather for government by the moment-to-moment opinions of a policeman on his beat.' *Cox v. City of Louisiana,* 379 U.S. 536, 559, 579, 82 S.Ct. 453, 466, 469, 476, 13 L.Ed.2d 471, 487 (separate opinion of MR. JUSTICE BLACK). Instinct with its ever-present potential for arbitrarily suppressing First Amendment liberties, that kind of law bears the hallmark of a police state. (Footnotes omitted).

The Birmingham statute, however, had been narrowly construed by the Alabama Court of Appeals. The Alabama Court "ruled that § 1142 applies only when a person who stands, loiters or walks on a street or sidewalk so as to obstruct free passage refuses to obey a request by an officer to move on." The Supreme Court held that this narrow construction of the statute, saved it from being constitutionally infirm.

A plain reading of the Tulsa ordinance reveals that the enacting legislative body intended Subsection 3 to constitute an independent public offense.[1] The ordinance

---

1. The Tulsa ordinance reads as follows:
   B. It shall be an offense for any person to do any of the following acts upon any public park, mall, civic center or other public property, including any and all realty and improvements thereon owned or leased by the City of

specifically enumerates that "[i]t shall be an offense for any person *to do any of the following acts.*" Therefore, it is clear that the enacting body perceived that a person could be punished for merely failing to leave public property forthwith once a peace officer has demanded him to leave. We are unwilling to engage in a game of legal gymnastics in order to construe this ordinance to be consonant with constitutional principles. We find Section 3 to be repugnant to due process under both the United States and Oklahoma Constitutions.

Accordingly, the judgment and sentence is REVERSED and REMANDED with instructions to DISMISS.

BRETT, J., concurs.

BUSSEY, P.J., concurs in results.

Tulsa or wherein said City is the beneficiary of the use and benefit of said realty and improvements, for the use, benefit and enjoyment of its citizens:

1. *To be drunk or intoxicated in or upon* said property from drinking or consuming intoxicating liquor, or from the inhalation of glue, paint, or other intoxicating substances.

2. To be drunk or intoxicated in or upon said property from any cause and to disturb the peace of any person.

3. To remain upon said property and refuse *to leave said property forthwith after demand* by a peace officer.